

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. B. T. Walters
County Auditor, Smith County
Tyler, Texas

Dear Sir:

Withdrawn Opinion
# 0-5494

Re: Opinion No. 0-5494-A
Reconsideration of
Opinion No. 0-5494
and additional ques-
tion.

Your letter of September 3, 1943, requesting our reconsideration of Opinion No. 0-5494 and asking an additional question regarding the expenditure of county funds for the support of the Texas Defense Guard, has received our careful attention.

In your original request you asked the opinion of this department as to what assurance, if any, you were entitled to receive from the City-County Health Unit and the City-County Child Welfare Unit, recipients of county moneys, that the funds appropriated by the county for their support, had been expended for the purposes intended. Your letter of September 3, 1943, asked the same question regarding moneys appropriated for the support of the Texas Defense Guard.

On September 2, 1943, we advised you by Opinion No. 0-5494 that for the reasons given in our Opinion No. 0-4985, Smith County had no authority to establish a City-County Health Unit or a City-County Child Welfare Unit.

Opinion 0-4985 concerned Navarro County and the remarks concerning the legality of the City-County Health Unit were ancillary to the main point of the opinion. Moreover, after research and consultation with members of the Health Department, we find that the facts now before us were not before us when we wrote Opinion No. 0-4985. For these reasons, we are withdrawing our original Opinion 0-5494, rendered on September 2, 1943, and we shall not in this opinion pass upon

the legality of the City-County Health Unit or the City-County Welfare Unit. If you desire our specific opinion upon their legality, we shall be glad to go into that matter anew.

The following statutes are pertinent to the question presented in your letters of July 24th, August 19th and September 3rd:

"* * * and the Commissioners Court of any county may appropriate funds from its general funds, or any other available fund, for the administration of such County Child Welfare Boards and provide for services to and support of children in need of protection and/or care." (Section 40, Article 695c, V.A.C.S.)

"* * * The Commissioners Court of any county shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County." (Article 4418f, V.A.C.S)

"* * * provided further that County Commissioners Courts, city authorities, communities, and civic and patriotic organizations are empowered and authorized by this Act to provide funds, armories, equipment, material, transportation, or other appropriate services or facilities, to the Texas Defense Guard." (Section 4, Article 5891a, V.A.C.S.)

We have been unable to find that the Legislature has made provision for the audit of these funds after they have been given to these organizations by the commissioners' court. We think, however, it a necessary implication of the power granted to give funds that they may be given upon condition.

We, therefore, advise you that it lies within the discretion of the commissioners' court to provide by order duly

entered that all funds appropriated by it under authority of Articles 695c, 4418f and 5891a, Vernon's Annotated Civil Statutes, are given upon condition that the proper officer of the recipient agency submit periodically, as the Court may require, a statement accounting for the use of the funds given.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Jas. D. Smullen
Assistant

JDS:EP


APPROVED
OPINION
COMMITTEE
BWB
BY CHAIRMAN